Bar Docket No. 08298

In the Matter of J. TAYLOR NEUSCHWANDER, Respondent.
(749 P.2d 45)

On the 16th day of December 1987, the office of the Disciplinary Administrator filed a formal complaint with the Kansas Board for Discipline of Attorneys charging J. Taylor Neuschwander of Garden City, Kansas, with violations of the Kansas Code of Professional Responsibility, Supreme Court Rule 225 (1987 Kan. Ct. R. Annot. 122).

The complaint alleges that on the 15th day of June 1979, respondent was appointed administrator of the Estate of Bertha C. Hurty, Deceased, by the District Court of Greeley County, Kansas (Case No. 79-P-14). Respondent filed an inventory and appraisement in said estate on the 25th day of September 1979, valuing the estate at an appraised value of $110,036.40. Court records reflect that the bulk of said estate consisted of corporate securities and cash having a value in excess of $90,000.00. On July 3, 1985, respondent was directed by the District Court to file his accounting of the administration of said estate and to proceed to close the estate. Respondent has failed to file any accounting or to take any action to comply with the court's directions.

Respondent failed to respond in the investigation of the complaint herein and failed to answer or otherwise respond to the formal complaint. The complaint was set to be heard on the 28th day of January, 1988, before a panel of the Kansas Board for Discipline of Attorneys, and on the 27th day of January 1988, respondent advised the Clerk of the Appellate Courts that he desired to surrender his license and privilege to practice law in Kansas pursuant to Supreme Court Rule 217 (1987 Kan. Ct. R. Annot. 115).

The Court, having reviewed the record herein together with the proceedings in the Estate of Bertha C. Hurty, Deceased, finds that the surrender of said license should be accepted.

IT IS THEREFORE ORDERED that J. Taylor Neuschwander be and he is hereby disbarred from the practice of law in the State of Kansas.

I<small>T IS</small> F<small>URTHER</small> O<small>RDERED</small> that respondent shall immediately comply with Supreme Court Rule 218 (1987 Kan. Ct. R. Annot. 116).

I<small>T IS</small> F<small>URTHER</small> O<small>RDERED</small> that the costs herein are assessed to the respondent.

Dated this 29th day of January, 1988.